PELT *v.* MARLAR.

Opinion delivered May 9, 1910.

BILLS AND NOTES—PRESENTMENT—DILIGENCE.—The drawer of a check payable at a certain bank had sufficient funds to pay the check; if the holder, who lived at another town, had promptly forwarded the check to a suitable agent at the drawee's domicil, it would have been paid; it was not so presented, but was mailed to the drawee bank, which failed without paying it. *Held* that the drawer was discharged by the holder's negligence.

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; reversed.

*McRae & Tompkins* and *D. L. McRae,* for appellant.

The burden was on appellee to prove that the drawer was not injured by the delay in presenting the check. 2 Dan. Neg. Inst., § 1588; 44 L. R. A. 398. If the drawer is injured by inexcusable delay in presenting a check for payment, he is discharged from liability. 2 Dan. Neg. Inst., § 1598; 44 L. R. A. 397; 4 L. R. A. (N. S.) 132; 21 Atl. 661. Appellee was, as a matter of law, guilty of negligence in sending the check through his agent to the drawee bank. 67 Ark. 243; 27 L. R. A. 248; 7 Biss. 162; Dan. Neg. Inst., §§ 328a and 1599.

*Searcy & Parks,* for appellee.

Delay in presenting a check for payment does not release the drawer unless he is injured thereby. 38 L. R. A. 750; 53 *Id.* 432.

HART, J. This action was commenced in a justice of the peace court by T. C. Marlar against J. D. Pelt. The justice rendered judgment for Marlar, and Pelt appealed to the circuit court, where the case was tried before the court sitting as a jury. Marlar again recovered judgment, and Pelt has appealed to this court.

The action was brought on a check of which the following is a copy:

"$100.00                          New Lewisville, Arkansas.
                                   "January 14, 1909.
                  "Merchants & Farmers' Bank:
     "Pay to T. C. Marlar one hundred dollars.
"No. 15.                                        "J. D. Pelt."

The testimony is practically undisputed, and is substantially as follows: Appellant drew the check in question on the day it bears date, and at the time had on deposit sufficient funds with which to meet it, and which he did not thereafter draw out of the bank. Appellant indorsed the check in blank, and on the 18th inst. delivered it to the Citizens' Bank of Hope, Arkansas, for collection, which on the same day mailed the check to the German National Bank at Little Rock, Arkansas, properly indorsed for collection. On the 20th inst. that bank indorsed it and sent it forward to the Merchants & Farmers' Bank for collection. The latter bank is at New Lewisville, Arkansas, and closed its doors on the 20th inst. because of insolvency. Its assets were

placed in the hands of a receiver, and it is admitted that they are not sufficient to pay the creditors of the bank any substantial sum. The bank continued to pay checks presented in person or by agent up to the close of its business day on Saturday the 16th inst.; but collections presented to it through the mails were paid by exchange on other banks, and none of the exchange issued by it after the 15th inst. was honored.

The payee and the bank on which the check was drawn were in different places in the same county about 15 miles apart; and counsel for appellee contends that the testimony on his part shows that, had appellant forwarded the check in due course of mail, it would not have reached New Lewisville until the 15th inst. after banking hours, and that under the rule announced in *Burns* v. *Yocum,* 81 Ark. 127, he was not required to present it until the next day, at which time he contends that it would have been too late, for the reason that none of the exchange issued by the Merchants & Farmers' Bank on that day was paid; but learned counsel do not take into consideration the fact that checks presented in person or by agents for collection on the 16th inst. were paid.    It may be conceded that the mere fact that appellee forwarded the check direct to the drawee itself, instead of having it presented through another agent, would not of itself discharge appellant. See *Citizens' Bank* v. *First National Bank* (Iowa), 13 L. R. A (N. S.), 303.

But other facts and circumstances enter into the present case.  Appellant had sufficient funds on deposit to pay the check, and did not withdraw them.  Had appellee promptly forwarded the check to a suitable agent at New Lewisville for presentation, it is conceded that it would have reached him on the evening of the 15th inst., and, had such agent presented it for payment the next day, the undisputed evidence shows that it would have been paid.  The failure to do so occasioned loss to appellant, which would have been avoided had presentation and demand of payment been made by some suitable agent selected by appellee for that purpose.  This principle is recognized in the case of *Citizens' Bank* v. *First National Bank, supra,* and *Plover Savings Bank* v. *Moodie* (Iowa), 110 N. W. 29, and cases cited.

It follows, therfore, that the judgment must be reversed, and, as there is no dispute about the facts, the case will be dismissed.