GEORGE H. McFADDEN BROTHERS' AGENCY *v.* KEESEE.

Opinion delivered May 13, 1929.

512

W. G. *Dinning,* for appellant.

*Brewer & Cracraft,* for appellee.

HART, C. J., (after stating the facts). The record shows that the cotton was sold by the plaintiff to the defendant for cash and a check given in payment thereof. Where goods are sold for cash on delivery, and payment is made by the purchaser by check on his banker, such payment is only conditional, and the delivery of the property also is only conditional; and if the check, on due presentation, is dishonored, the seller may retake the goods. *National Bank of Commerce* v. *Chicago, Burlington & Northern Ry.,* 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263; and *Hodgson* v. *Barrett,* 33 Ohio St. 63, 31 Am. Rep. 527.

Replevin cannot be maintained without showing a general or special ownership of the property in the plaintiff, together with the right of immediate possession. *Brown & Hackney, Inc.,* v. *Loveless,* 152 Ark. 540, 239 S. W. 21.

In the case at bar there was a constructive delivery of the cotton at the same time the check was given in payment of it. Hence the sale was on condition that the check should be paid on presentation. A check is given for immediate payment, and the holder owes the duty of presenting it for payment within a reasonable time. What is a reasonable time will depend upon the facts in each case, and this court has recognized the rule which requires a holder of a check, receiving it at the same place in which the drawee transacts business, to

present it for payment within banking hours on the day
it is received, or at least on the following day. *Burns* v.
*Yocum,* 81 Ark. 127, 98 S. W. 956. In that case the court
laid down the rule that, where the payee of a check and
the bank on which the check is drawn are in the same
place, reasonable diligence requires the check to be pre-
sented for payment not later than the day after it has
been received, and delay beyond that time, without ex-
cuse, will discharge the drawer from liability, if he is
injured by the delay.

Counsel for the defendant contend that the appli-
cation of this rule to the facts of the case will cause a
reversal of the judgment, because the check was neither
presented on the day it was received nor on the following
day. The plaintiff and the bank upon which the check
was drawn did business in the same city. The plaintiff
deposited the check in his own bank for collection on
the next day after it was received. It will be remem-
bered that the check was given about eleven o'clock in
the morning on the 7th day of February, and it was
deposited by the plaintiff in his bank for collection about
ten o'clock on the 8th instant. The check was cleared
in the usual way, and was dishonored because the bank
closed its doors on the morning of the 9th instant, before
payment had been demanded. The undisputed evidence
shows that the check was deposited for collection by the
plaintiff with its own bank and by that bank presented
for payment according to the usual custom in the city
of Helena, where all the parties resided. The check was
not paid because of the failure of the bank on which it
was drawn before the check could be presented according
to the usual course of business in the city.

Under these circumstances we do not think that the
facts in the case call for the application of the rule laid
down in *Burns* v. *Yocum, supra.* This is apparent from
the latter case of *Federal Land Bank of St. Louis* v.
*Goodman,* 173 Ark. 489, 292 S. W. 659. In that case the
court held that what constitutes a reasonable time for

presenting a check for payment depends upon the circumstances of the particular case, and means such time as a prudent man would exercise or employ about his own affairs.

The court called attention to the fact that the case of *Burns* v. *Yocum,* 81 Ark. 127, 98 S. W. 956, was decided before the passage of our Negotiable Instruments Law. This act was passed by the Legislature of 1913, and is very comprehensive in its nature. Section 186 of the act, which is § 7952 of Crawford & Moses' Digest, provides that a check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss occasioned by the delay. Section 193 of the act, which is § 7763 of the Digest, provides that, in determining what is a reasonable time or an unreasonable time, regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instrument, and the facts of the particular case.

According to the business usages of the city of Helena, as shown by the record, a holder of a check deposits it in his own bank for collection, and the check is presented in due course, after its deposit, through the clearing-house, with the result that, if a check is received too late to be deposited on the day of its receipt, it is not deposited until the next day, and consequently is not cleared until the second day after its receipt. Having due regard for business usage, such presentment has been held to be within the rule of reasonable diligence. *Zaloom* v. *Ganim,* 120 N. Y. Supp. 85; and *Loux* v. *Fox,* 171 Penn. 68, 33 Atl. 190. The New York case was cited and quoted from with approval in the case of *Federal Land Bank of St. Louis* v. *Goodman,* 173 Ark. 489, 292 S. W. 659. Therefore we are of the opinion that the court was correct in holding that, under the facts of this case, having due regard for business usage, the check was presented within a reasonable time, and that, on account of its being dishonored, the plaintiff had a

516

right to rescind the sale of the cotton and to retake it. The court, however, only allowed the plaintiff interest on the value of the cotton from the day of the sale. At the time of the trial the price of cotton had risen two cents per pound, and the plaintiff claims that the court erred in not allowing him to recover the cotton or its value at the advanced price. We do not think so. The court correctly allowed the plaintiff to recover the price for which he sold the cotton, together with interest thereon from the date of sale at six per cent. The parties contemplated a cash transaction, and this result enabled the plaintiff to receive the price for which he sold the cotton, together with interest at the legal rate for the time he has been deprived of the use of the money.

Therefore the judgment will be affirmed.

KIRBY, J., dissents.