BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT *v.* HAGAN.

Opinion delivered October 7, 1929.

*Mann & McCulloch,* for appellant.

*W. D. Gravette,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that there was such an unreasonable delay in the presentation of the check by appellee for payment to the bank upon which it was drawn, and wherein it had funds on deposit sufficient to cover it, as to cause the loss to fall on appellee and discharge it from liability thereon.

It is true a check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon (§ 7952, C. & M. Digest), but what is a reasonable time will depend upon

the circumstances of the particular case, the rule generally requiring that it be presented within banking hours not later than the day following its receipt by the payee, where he resides or does business in the same town where the bank on which the check is drawn is located. *Burns v. Yocum,* 81 Ark. 127, 98 S. W. 956; *Pelt v. Marler,* 95 Ark. 111, 128 S. W. 554; *Federal Land Bank of St. Louis v. Goodman,* 173 Ark. 493, 292 S. W. 659; *Geo. H. McFadden Bros. Agency v. Keesee,* 179 Ark. 510, 16 S. W. (2d) 1001.

Appellee had directed, however, that the money for the purchase price of the lands sold and conveyed by him to the district be paid to B. F. Gay, the mortgagee, and had no reason to think that it had not been done until he received notice from Gay's letter, after the bank had failed, to come in and indorse the check, which had been made payable to his order as well as Gay's. Nothing could be done, after receipt of the notice of the check's being made payable jointly to his order, about its indorsement or collection, before the bank, which failed before the letter was written, had closed its doors. Gay was not his agent to receive the check, and appellee was in no wise negligent in the failure of presentation of it for payment, having had no knowledge that the check had not been made payable to Gay, as was directed should be done.

The court correctly directed a verdict in appellee's favor, and the judgment must be affirmed. It is so ordered.