BERRY *v.* HARRIS.

4-2721

Opinion delivered November 14, 1932.

*W. A. Dickson,* for appellant.

*John W. Nance,* for appellee.

SMITH, J. Appellant resides on an improved road eight miles from Bentonville, and has his mail delivered daily by a rural route mail carrier. Appellee is his neighbor and first cousin. On Tuesday, December 2, 1930, appellee purchased certain cattle from appellant, and in payment therefor gave a check for $600 on the Benton County National Bank, located in Bentonville. Appellee did not have this amount of money on deposit with the bank at the time he delivered the check, but he had arranged with the bank for its payment, and he told appellant that he could get his money at any time. The cattle were loaded in a truck by appellee and taken to Kansas City, Missouri, where they were sold, and the pro-

ceeds of the sale were deposited by him to the credit of the Kansas City correspondent bank of the Benton County National Bank.

Appellant is a farmer, and it was his custom—known to appellee—to go to Bentonville to sell produce and to make purchases on Saturdays, and, except in cases of emergency, he did not go on other days.

On the Saturday following the sale of the cattle appellant went as usual to Bentonville, and upon arriving there he found that the bank upon which his check was drawn had closed its doors that day, and it has not since reopened.

The parties had several conversations about the check, and appellant has at all times demanded that appellee pay it. The position of the latter was that they should divide the loss between them. Finally appellee paid appellant $200, which the latter refused to accept in full settlement of his demand, but when this payment was made appellee stated that he would pay nothing more unless the court compelled him to do so.

This is a suit on appellant's part to recover the balance of $400, and is defended by appellee upon two grounds: (a) that appellant had negligently delayed to cash the check, and (b) that an accord and satisfaction had been accomplished.

The court found there had been no accord and satisfaction; and we concur in that view.

The difficult question is, whether, as found by the court below, appellant, by his delay, has not himself sustained the loss.

The law of the subject was reviewed in the recent case of *Federal Land Bank of St. Louis* v. *Goodman,* 173 Ark. 489, 292 S. W. 659, where the court quoted as follows from the case of *Burns* v. *Yocum,* 81 Ark. 127, 98 S. W. 956: " 'A check, like a bill of exchange, must be presented for payment within a reasonable time, and what is a reasonable time will depend upon the circumstances of each particular case.' "

It was said in the Goodman case, *supra,* that what was a reasonable time in any case depends on the circumstances of the particular case, and "means such time as a prudent man would exercise or employ about his own affairs."

The instant case is on the border line, but, when the situation and circumstances of the parties are taken into account, we have concluded that the check was not held for a time so unreasonable as to require the payee to sustain the loss. The payee was a farmer, not engaged in a commercial business. He resided eight miles from the trading town, in which the bank was located upon which his check was drawn, and only three days intervened before the check was presented for payment. Under all the circumstances we have concluded that appellant was not guilty of unreasonable delay in presenting the check for payment.

Having found that appellant had negligently failed to present the check within the time required by law, the court below decreed that appellant be subrogated to the rights of appellee in the deposits of the latter with the insolvent bank, to the extent of $400.

The entire decree will be reversed, and the cause will be remanded with directions to enter a personal judgment against appellee for the unpaid balance of $400 with interest.