PARKER *v.* GRAU.

4-3392

Opinion delivered March 5, 1934.

*John M. Parker,* for appellant.

*Neill Bohlinger,* for appellee.

McHANEY, J. Appellant, being indebted to appellee for merchandise bought in the sum of $15.80, on Monday, November 10, 1930, in the forenoon, gave appellee his check for said amount, drawn on the Farmers' Bank of Dardanelle, where appellant at all times then and thereafter had more than sufficient funds to pay same. Appellee neglected to cash the check that day. The next day, Tuesday, November 11, was Armistice Day, a holiday, and the bank was closed. The check was not presented at any time during the week of November 10, and the bank failed to open for business on Monday, November 17, but was found to be insolvent, and was taken over for liquidation by the Bank Commissioner.

Thereafter, appellee demanded that appellant take up his check, which was refused, and this suit followed. Trial to a jury in the circuit court on appeal from the justice court resulted in a verdict and judgment for appellee.

We think the circuit court erred in refusing to direct a verdict for appellant at his request. The law is well settled in this State. Our statute, § 7952, Crawford & Moses' Digest, provides that: "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." This is one of the sections of the Uniform Negotiable Instruments Act of February 21, 1913. In *Burns* v. *Yocum,* 81 Ark. 127, 98 S. W. 956, decided in 1906, before the passage of

said act, this court held, quoting second syllabus: "Where the payee of a check and the bank on which it is drawn are in the same place, reasonable diligence requires the check to be presented for payment not later than the day after it is received, and delay beyond that time without excuse will discharge the drawer from liability if he is injured by the delay." See also *Pelt* v. *Marlor,* 95 Ark. 111, 128 S. W. 554. Several cases have arisen since said act. In *Federal Land Bank* v. *Goodman,* 173 Ark. 489, 292 S. W. 659, we held that a check must be presented for payment within a reasonable time after its receipt, and that what constitutes a reasonable time depends upon the circumstances of the particular case,—"such time as a prudent man would exercise or employ about his own affairs." Section 7763, Crawford & Moses' Digest, provides: "In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business if any with respect to such instruments, and the facts of the particular case." See also *George H. McFadden Bros. Agency* v. *Keesee,* 179 Ark. 510, 16 S. W. (2d) 994; *Board of Directors of St. Francis Levee District* v. *Hagan,* 180 Ark. 33, 20 S. W. (2d) 314; *Berry* v. *Harris,* 186 Ark. 481, 54 S. W. (2d) 289.

Appellee attempts to excuse his delay in presenting the check for payment by stating that he went to Booneville on the 11th, and from there to Little Rock, where he remained until his return on Saturday after banking hours; that, although his place of business was open during his absence, he had locked the check up in the safe, and it was not available to his employees for collection during his absence. The bank was less than 100 steps from his store. We are of the opinion that the facts stated are not sufficient to excuse the delay of a week in presenting the check, and that appellee was guilty of negligence as a matter of law in failing to present the check for payment sooner, or not later than November 12, to appellant's damage in the amount thereof.

There was therefore no question of fact to be submitted to the jury, as appellant's request for a directed verdict should have been granted.

Reversed, and cause dismissed.